[Civ. No. 2626. Third Appellate District.—September 7, 1923.]

SOUTHERN PACIFIC COMPANY (a Corporation), Appellant, v. CITY OF MADERA (a Municipal Corporation), Respondent.

[1] STREET LAW—RECOVERY OF ASSESSMENT—PLEADING.—In an action by a railroad company against a city to recover money, which the former was required to pay for street work, upon the theory that the city was obligated under an order of the Railroad Commission to pay for the work done within the block between two designated streets, excepting a described portion where the rails of the plaintiff crossed the block, a specific allegation in the

complaint that the money paid by plaintiff was wholly for and on account of work done without the block, limits and qualifies a preceding averment therein that the assessment covered the entire improvement, including the work done within the block, and therefore creates a fatal defect and renders the complaint subject to the objection that it does not state a cause of action. (On petition for hearing in supreme court, approval withheld.)

[2] ID.—RECOVERY OF PART OF ASSESSMENT—PLEADING—PROOF.—In such action, assuming that the complaint sufficiently alleged that the assessment did include not only the cost of the improvements without the block, but also the cost of the work within the block, in order for plaintiff to recover the amount it was required to pay for the improvement within the block, it was necessary for it to allege and prove the specific amount it was compelled to pay because of the inclusion of the expense of that particular part of the improvement in the total cost.

APPEAL from a judgment of the Superior Court of Madera County. Stanley Murray, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. W. Hobbs for Appellant.

Sherwood Green for Respondent.

JONES, J., *pro tem.*—The plaintiff sought to recover a judgment against the defendant for certain money paid by plaintiff to redeem street improvement bonds secured by a lien upon its property in the city of Madera. A general demurrer to the complaint was interposed by defendant, but was overruled, and by its answer the defendant admitted all of the allegations of the complaint excepting the allegation that the claim of plaintiff was due, owing, and unpaid. The case coming on for trial was submitted to the court upon the allegations in the complaint, as admitted by defendant in its answer. Judgment was rendered for the defendant, and the plaintiff has appealed.

On the oral argument of the appeal counsel for respondent urged the point that the complaint fails to state a cause of action. It appears from the complaint that in 1913, following the presentation of an application by the city of Madera for permission to extend Sixth Street at

grade between E and F Streets, across the right of way of the Central Pacific Railway Company in that city, the Railroad Commission granted the applicant permission as prayed for, and by its order provided that the cost of constructing the crossings across the tracks and right of way should be borne by the city, and that the cost of maintaining thereafter the crossings and approaches to the crossings should be borne by the city and the company in the following proportions, to wit, the cost of maintaining the crossings over and between the tracks and to a distance of two feet outside the outer rails of the two tracks of the company should be borne by the company, and the cost of maintaining the remainder of the crossings and the approaches to be borne by the city. Sixth Street was then constructed and extended across the right of way of the company. Thereafter the board of trustees of the city, proceeding under the "Improvement Act of 1911" (Stats. 1911, p. 730) and the "Improvement Bond Act of 1915" (Stats. 1915, p. 1441), ordered the improvement of Sixth Street between C Street and H Street, including the extension of Sixth Street across the right of way of the Central Pacific Railway Company between E Street and F Street, excepting, however, such portions as were required by law to be kept in order and repair by any person or company having any railroad tracks thereon, and the cost of said work was made chargeable upon a district, which included a part of the right of way of said company. A contract was entered into between the superintendent of streets and one Crummey for the improvement of the street, and the superintendent made and returned to the board of trustees an assessment of the cost and expenses of the improvement upon the property within the district and "in and by said assessment and warrant there was charged to property of said Central Pacific Railway Company, on account of said improvement, the sum of $2,751.41," which sum, it is specifically alleged, "did not include any part of the cost of improving the crossings of Sixth Street over and between the tracks of Central Pacific Railway Company and within a distance of two feet outside the outer rails of the outer tracks on the east and west sides of said right of way, but was wholly for and on account of expenses of the improvement of the intersections of said Sixth and E Street and said Sixth Street

and F Street." The assessment and warrant were pro-
tested by plaintiff, and a copy of the protest is attached to
the complaint and made a part thereof. At the hearing
held by the board of trustees on said protest, the plaintiff
"protested against said assessment in so far as the same in-
cluded any portion of the expense of improvement of that
part of the extension of Sixth Street across the right of
way of Central Pacific Railway Company, which defendant,
under the order of the Railroad Commission of the State of
California hereinbefore referred to, was obligated to con-
struct and maintain, and did tender and offer to pay what-
ever amount of said assessment said Board of Trustees or
the Superintendent of Streets should find to be properly
chargeable on account of the improvement of said intersec-
tions of Sixth Street and E Street and Sixth Street and F
Street." The board confirmed the assessment and warrant
as returned by the superintendent of streets; the company
was compelled to expend the sum of $3,811.88 to release its
property from the lien created by the issuance of bonds
under the acts referred to, and it then presented to the
defendant its verified claim in writing for refund of said
$3,811.88, which claim was rejected. Plaintiff then brought
an action to recover from the defendant the full amount so
paid by it to redeem the bonds.

Appellant's theory of its case may be set forth by quoting
the closing paragraph of its opening brief on this appeal:
"In conclusion, appellant earnestly contends that respond-
ent is obligated to pay for the maintenance of that portion
of Sixth Street between E Street and F Street lying outside
of and beyond two feet outside the outer rails of the outer
railroad tracks of appellant, and having failed in its obliga-
tion to do so, that appellant is entitled to a judgment for
the money which it was compelled to expend for that pur-
pose. . . . "

[1] In view of the fact that plaintiff's right to recover
is based upon the payment by it of an amount assessed
against its property on account of work done within the
block between E and F Streets, the specific allegation that
the charge was wholly for and on account of work done
without the block, which allegation limits and qualifies the
previous averment as to the assessment, creates a fatal de-

fect and renders the complaint subject to the objection that it does not state a cause of action.

[2] However, if we assume, notwithstanding the existence of this specific averment, that the complaint sufficiently shows, as is contended by appellant, that the assessment did include not only the cost of the improvements of the intersections, but also the cost of the work within the block, we are then confronted with the situation that, while the appellant admits the liability of its property for such portion of the assessment as was chargeable for the improvement of the intersections, it failed to allege or prove either such portion or the portion charged on account of the work done within the block. To recover the full amount paid, it was incumbent upon the plaintiff to prove that the assessment was wholly on account of the improvement within the block, but the contention of plaintiff just referred to excludes any claim that the assessment was thus limited. To recover a lesser sum it was then necessary for plaintiff to prove the specific amount it was compelled to pay because of the inclusion of the expense of that particular part of the improvement in the total cost, but the complaint contains no allegation either specifying such an amount or giving data from which it could be determined, and, on the trial, no attempt was made to make such proof.

A judgment then for the entire amount paid by plaintiff under the assessment would clearly have been erroneous and plaintiff, having failed to prove what lesser sum, if any, it was entitled to, the court, for that reason alone, if none other, was compelled to render judgment against it.

It being necessary to affirm the judgment for the reasons stated, a discussion of other questions raised in the briefs becomes unnecessary.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1923, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for a transfer to this court after decision by the district court of appeal, we withhold approval from that portion of the opinion holding that the complaint does not state a cause of action. The complaint does not allege and no evidence was introduced to show the amount which the plaintiff was entitled to recover from the city, if it be assumed that the agreement between the city and the appellant, confirmed by the order of the Railroad Commission, was valid and binding upon the parties, and entitled the plaintiff to recover some amount from the city under the circumstances alleged in the complaint, consequently the judgment must be affirmed.